# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCK & CO., INC., and<br>MSD TECHNOLOGY, L.P.<br><br>         Plaintiffs,<br><br>         v.<br><br>MEDCENTER CANADA INC.,<br>GLASSEY CONSULTING, and<br>ALEX GLASSEY, d/b/a<br>MEDCENTERCANADA.COM<br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

05 Civ. 3700

RECEIVED
APR 1 1 2005
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs, Merck & Co., Inc. ("Merck") and MSD Technology, L.P. ("MSD"), by

their undersigned attorneys, for their complaint against Defendants Medcenter Canada Inc.,

Glassey Consulting, and Alex Glassey, d/b/a medcentercanada.com ("medcentercanada.com" or

"Defendants"), respectfully allege with knowledge of their own actions and on information and

belief as to actions of others as follows:

1.      This action is by Plaintiffs against Defendants for:

        (a)     infringement of United States Patent Nos. 4,444,784 ("the '784

patent") under 35 U.S.C. § 271;

        (b)     trademark infringement under 15 U.S.C. § 1114(1);

        (c)     unfair competition pursuant to § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a);

        (d)     trademark dilution under the Federal Trademark Dilution Act, 15

U.S.C. § 1125(c);

(e)      trademark infringement and unfair competition in violation of the common law of New York and §§ 360-1 and 360-o of the New York General Business Law;

(f)      injury to Merck's business reputation and dilution of the distinctive quality of Merck's trademarks in violation of § 360-1 of the New York General Business Law; and

(g)      unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-350.

## The Parties

2.      Merck is a corporation organized and existing under the laws of the State of New Jersey.  Merck's headquarters are located at One Merck Drive, Whitehouse Station, New Jersey 08889.

3.      MSD Technology L.P. is a limited partnership organized and existing under the laws of Delaware, with an address c/o Merck Sharp & Dohme Chibret A.G., 96 Pitts Bay Road, Pembroke HM 08 Bermuda.

4.      Medcenter Canada Inc. is a Canadian corporation having an address at 1313 Border Street, Winnipeg, Manitoba R3H OX4 Canada and 400-601 West Broadway, Vancouver, BC V5Z 4C2 Canada.  Glassey Consulting is an individual or organization, and Alex Glassey is an individual having an address at 44 Amour Crescent, Winnipeg, Manitoba R3J 3P6 Canada, and/or 1313 Border Street, Winnipeg, Manitoba R3H OX4 Canada. Medcentercanada.com does not have a place of business or employees located in the state of New York.

5.      Medcentercanada.com: (a) controls, hosts and operates a website located at www.medcentercanada.com and uses that website to commit the tortious and wrongful

activities described herein; and (b) is the owner of the Internet domain name

medcentercanada.com, and uses that domain name to host the aforementioned website where it

advertises, promotes, offers for sale and sells prescription drug products including those

identified as "ZOCOR brand" and "ZOCOR generic" products in this judicial district and

throughout New York and elsewhere in the United States.

## Jurisdiction and Venue

6.     This Court has subject matter jurisdiction over Count I in this action,

pursuant to 28 U.S.C. § 1338(a); over Counts II through V in this action, pursuant to 15 U.S.C. §

1121 and 28 U.S.C. § 1338(a); and over Counts VI through VIII in this action, pursuant to 28

U.S.C. §§ 1367 and 1338(b), and the doctrines of pendant and supplemental jurisdiction.

7.     Medcentercanada.com has committed tortious and wrongful acts of patent

and trademark infringement and dilution, unfair competition and acts in violation of the common

law and state statutory laws, by advertising, promoting, selling and offering to sell in the State of

New York and elsewhere in the United States, certain prescription drug products, including those

identified as "ZOCOR generic" products.

8.     Medcentercanada.com has transacted and does transact business in the

State of New York, by its advertising, promotion, sales and offers to sell prescription drug

products, including those identified in Paragraph 7.

9.     This Court has personal jurisdiction over medcentercanada.com based on

the aforementioned activities in this judicial district.

10.     Venue is proper in this District pursuant to the provisions of 28 U.S.C. §§

1391 (d) and 1400.

**Merck's Patent**

11.    The '784 patent, entitled "Antihypercholesterolemic Compounds", was duly and legally issued to Merck on April 24, 1984 and was thereafter assigned to MSD, which is its current owner.  Merck is the licensee of the '784 patent (copy attached at Tab A).

**Merck's ZOCOR® (Simvastatin) Product and Trademarks**

12.    Merck, one of the world's leading pharmaceutical companies, is a global research-driven company that discovers, develops, manufactures and markets throughout the world a broad range of human health products.  Merck invests billions of dollars in the research and development of its broad portfolio of highly-innovative prescription drugs.

13.    Merck's research and development efforts have culminated in many industry-leading products, including Merck's extremely successful prescription drug product ZOCOR®, which is used to treat patients who have or are at risk of coronary heart disease and/or have elevated cholesterol levels.  The active ingredient in the ZOCOR® product is simvastatin. ZOCOR® brand simvastatin is used to reduce the amount of cholesterol and certain fatty substances in the blood.

14.    Merck holds the approved U.S. Food and Drug Administration ("FDA") New Drug Application for its simvastatin product.  There are no generic simvastatin products approved by the FDA for sale in the United States.  Thus, Plaintiffs are the sole and exclusive entities authorized under the U.S. patent laws and the U.S. regulatory laws embodied in Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., to sell simvastatin product in the United States.

15.    Merck's ZOCOR® brand simvastatin product has been continuously marketed and sold in the United States under Merck's ZOCOR® trademark since at least November of 1986.  Merck's ZOCOR® product is one of the most frequently prescribed

medications in the United States.  U.S. sales of the ZOCOR® product in 2004 totaled $3.61 billion.  Sales to customers in the State of New York in 2004 totaled approximately $228.3 million.

16.     Merck owns two United States trademark registrations for its ZOCOR® trademark for a pharmaceutical preparation for use as an antihypercholesterolemic agent.  U.S. trademark registration no. 1,457,984 for the word mark ZOCOR® issued on September 22, 1987.  U.S. trademark registration 1,749,211 for the trademark ZOCOR (& Design) ® issued on January 26, 1993.  Both of these federal trademark registrations are valid, subsisting and incontestable under 15 U.S.C. § 1065.  Copies of information from the U.S. Patent and Trademark Office website concerning Merck's United States ZOCOR® registrations are attached as Tab B.  The ZOCOR® trademark is also registered in many different countries around the world.

17.     The ZOCOR® and ZOCOR (& Design)® trademarks (hereinafter "the ZOCOR® trademark") are extremely well-known, famous and distinctive in the United States and in many countries of the world as designating the product originating with, sponsored by and associated with Merck.  The ZOCOR® trademarks are extremely valuable assets that have acquired substantial goodwill.

## Defendants' Illegal Activities

18.     Medcentercanada.com offers for sale and sells prescription drugs to consumers over the Internet, including  products identified as "ZOCOR generic" that are not authorized by Plaintiffs.

19.     As set forth above, medcentercanada.com hosts and operates a website located at medcentercanada.com which site is used to advertise and sell its prescription drugs.  Medcentercanada.com has engaged a service offered by GOOGLE.  Using this service,

medcentercanada.com has paid for the keyword "ZOCOR", which results in medcentercanada.com's website being among the first results returned by the Google search engine, when a user conducts a search for "ZOCOR".

20.     Medcentercanada.com's website is directed to customers outside of Canada, including, in particular, the United States.  A banner appears on the home page and throughout the site, directly under the name Medcenter Canada, which reads "America's Source of Affordable Medications".  All advertised product prices are quoted in United States dollars, and savings on medication costs of 50% "off U.S. pharmacy prices" are touted on the home page.  Customers are warned that packages may be delayed by U.S. Customs and the FDA as they cross the border.  In addition, as many as 92% of the visitors to medcentercanada.com 's website have been located in the United States at certain times.

21.     Medcentercanada.com's website is interactive and permits on-line interaction with prospective customers and customers, including on-line orders for prescription drug products offered for sale.  The site purports to operate as a local pharmacy would, providing service and assistance to its customers at their own location.  New patients are required to fill out an order form which calls for medical information, address information and physician name and phone number, thereby facilitating contact by Defendants with the patient's local physician. Each customer's contact information is provided, allowing for contact in their locale as part of the approval process.

22.     Medcentercanada.com's website lists names of the drugs offered, including "ZOCOR", which is featured on the home page as a "Top Seller."  When consumers "click" on "ZOCOR" on the home page, or when they type "ZOCOR" into the "Drug Search" feature available on the home page and throughout the site, consumers are linked to a page that

offers a product identified as ZOCOR followed by the word "generic" in five dosage levels (5, 10, 20, 40 and 80 mg). On the same page "ZOCOR" prescribing and other information is set forth, and is accompanied by the famous ZOCOR stylized mark which is the subject of Merck's trademark registration No. 1,749,211. By clicking the appropriate icons, customers are lead to a link where information is taken and processed, resulting in a sale. The medication is shipped directly to the consumer (copies of the home page and selected pages from Defendants' website are attached at Tab C).

23.     Medcentercanada.com offers to sell and sells its "ZOCOR generic" products in the United States and in this District at a price of $77.12, $117.12, $147.12, and $157.12, respectively, depending on dosage level. As alleged above, all prices for this and other products offered for sale on medcentercanada.com's website are quoted in U.S. currency.

24.     Medcentercanada.com receives payment for the products it sells through its website to customers in the United States by transmittal from its customers' credit card companies, which companies are located in the United States. Thus, these United States based companies hold funds for the benefit of medcentercanada.com.

25.     The so-called "ZOCOR generic" products sold on medcentercanada.com's website and delivered by medcentercanada.com to purchasers in New York and other areas of the United States are not authorized or approved by Plaintiffs.

26.     Medcentercanada.com's use of the ZOCOR® trademark for the products identified as "ZOCOR generic" is unauthorized by Merck and is used by Defendants to compete directly and unfairly with authorized products offered under the ZOCOR® trademark.

27.    Medcentercanada.com offers to sell, sells and ships to purchasers in New York and elsewhere in the United States, simvastatin products that are not authorized by law for sale in the United States, including the activities of medcentercanada.com alleged herein.

## COUNT I
## INFRINGEMENT OF THE '784 PATENT (35 U.S.C. § 271)

28.    Plaintiffs repeat and reallege paragraphs 1 through 27 above as if fully set forth herein.

29.    Defendants' sales and/or offers for sale of simvastatin products in New York and elsewhere in the United States, are without license or permission from Plaintiffs, and infringe the '784 patent under 35 U.S.C. § 271.

30.    Plaintiffs have been and will continue to be irreparably harmed if medcentercanada.com is not enjoined from infringement of the '784 patent.

31.    Medcentercanada.com has had notice that certain of its products are covered by the '784 patent and has continued to willfully and deliberately infringe that patent.

32.    The actions of medcentercanada.com have been "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT II
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

33.    Merck repeats and realleges paragraphs 1 through 32 above as if fully set forth herein.

34.    Medcentercanada.com's activities in commerce in connection with the sale of products identified as "ZOCOR generic", as described above, are likely to cause confusion, mistake, or deception as to the source or sponsorship of such products and/or their

affiliation with Merck, causing harm to Merck's reputation and goodwill.  Purchasers and

potential purchasers are likely to believe in error that such products are of the same quality and

efficacy as Merck's products and/or that such products originate from, are approved by or are

distributed by or under the authorization or sponsorship of Merck.

      35.    As described above, medcentercanada.com's use of the service offered by

GOOGLE, which uses the keyword "ZOCOR" to direct Internet traffic to their website is

designed to misdirect those persons searching the Internet for Merck's ZOCOR® product to

medcentercanada.com's website.  Through such intentional acts, medcentercanada.com seeks to

and has succeeded in creating initial interest or pre-sale confusion, diverting customers from

purchasing Merck's ZOCOR® simvastatin product and to instead purchase

medcentercanada.com's products.

      36.    Medcentercanada.com's activities in commerce as alleged herein have

resulted in actual confusion.

      37.    The use of the ZOCOR® trademark by medcentercanada.com described

herein, which activities are without license or permission from Merck, constitutes infringement

in violation of the Lanham Act, including section 32(1), 15 U.S.C. § 1114(1).

      38.    The activities complained of herein constitute willful and intentional

infringement of the ZOCOR® trademark.

      39.    The conduct complained of herein has caused and will continue to cause

substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.

## COUNT III
## UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

40.     Merck repeats and realleges paragraphs 1 through 39 above as if fully set

forth herein.

41.     Medcentercanada.com's use of the ZOCOR® trademark as described

above, which is without license or permission from Merck, violates § 43(a) of the Lanham Act,

15 U.S.C. § 1125(a).  Medcentercanada.com has used a false designation of origin, a false or

misleading description and representation of fact which is likely to cause confusion, mistake, and

to deceive the public into believing that there is an affiliation, connection or association of

medcentercanada.com with Merck, and/or that the products identified as "ZOCOR generic"

originate with, or are sponsored, licensed, approved or somehow sanctioned by or affiliated with

Merck.

42.     The activities complained of herein are willful and intentional.

43.     The conduct complained of herein has caused and will continue to cause

substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.


## COUNT IV
## UNFAIR COMPETITION (15 U.S.C. § 1125(a)

44.     Merck repeats and realleges paragraphs 1 through 43 as if fully set forth

herein.

45.     In the United States, ZOCOR patients who have purchased their

medication in pharmacies located in this country are aware that there is no available FDA

approved generic substitute for Merck's ZOCOR product, that the only available FDA approved

simvastatin product in the United States is ZOCOR brand simvastatin, and that this product

originates from or is sponsored and approved by a single source of origin, namely Merck.  Thus, these patients understand that only Merck's ZOCOR brand simvastatin product can be lawfully sold in the United States.

46.     Defendants' aforementioned activities violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants have used in commercial advertising and promotions, words and false or misleading descriptions or representation of facts concerning the nature, qualities or characteristics of their goods or commercial activities and/or those of another person, i.e. Merck, and which also are likely to cause confusion, to cause mistake or to deceive the aforementioned United States ZOCOR patients.  By such activities of Defendants, U.S. patients will be lead to believe that Defendants' generic simvastatin products are either legally authorized by the FDA for sale in the United States, or that such products originate with, or are sponsored, licensed, approved or somehow sanctioned by or affiliated with Merck, neither of which is in fact the case.

47.     The activities of Defendants complained of here are willful and intentional.

48.     The conduct of Defendants complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy at law.

## COUNT V
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

49.     Merck repeats and realleges paragraphs 1 through 48 above as if fully set forth herein.

50.     The ZOCOR® trademark is strong and inherently distinctive.  The mark has become famous as a result, *inter alia*, of Merck's long, extensive and continuously exclusive

use of the mark, and Merck's extensive sales, advertising and promotion throughout the United States of products bearing the mark. As a result, the ZOCOR® trademark is favorably recognized by consumers and those in the trade as identifying the products of Merck. The unlawful acts alleged herein were commenced and occurred at a time after Merck's mark became famous.

51.    Medcentercanada.com's use of the ZOCOR® trademark in connection with the products identified as "ZOCOR generic", which is without license or permission from Merck, has caused irreparable dilution of the distinctive quality of the ZOCOR® trademark in violation of 15 U.S.C. § 1125(c)(1), causing irreparable injury to Merck.

52.    Through its activities alleged above, medcentercanada.com willfully intended to trade on Merck's reputation and to cause dilution of the ZOCOR® trademark.

53.    The conduct complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.

**COUNT VI**
**TRADEMARK INFRINGEMENT AND UNFAIR**
**COMPETITION (N.Y. General Business Laws §§ 360-1, 360-o)**

54.    Merck repeats and realleges paragraphs 1 through 53 above as if fully set forth herein.

55.    The acts of medcentercanada.com as described above, which are without license or permission from Merck, constitute trademark infringement and unfair competition in violation of Merck's rights under the common law of the State of New York and N.Y. General Business Laws §§ 360-1, 360-o.

56.     Merck has sustained and will continue to sustain irreparable injury as a result of medcentercanada.com's illegal commercial activities, for which there is no adequate remedy at law.

## COUNT VII
### DILUTION (N.Y. General Business Law § 360-1)

57.     Merck repeats and realleges paragraphs 1 through 56 above as if fully set forth herein.

58.     The acts of medcentercanada.com as described above, which are without license or permission from Merck, are likely to dilute and detract from the distinctiveness of the ZOCOR® trademark, with consequent damage to Merck and the business and goodwill symbolized by said trademark, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-1.

59.     Merck has sustained and will continue to sustain irreparable injury as a result of the aforesaid illegal commercial activities, for which there is no adequate remedy at law.

## COUNT VIII
### DECEPTIVE ACTS AND PRACTICES (N.Y. General Business Law § 349-350)

60.     Merck repeats and realleges paragraphs 1 through 59 above as if fully set forth herein.

61.     Medcentercanada.com's activities as described above, which are without license or permission from Merck, constitute deceptive acts and practices in violation of N.Y. Gen. Business Law §§ 349-350.

62.     Merck has sustained and will continue to sustain irreparable injury as a result of medcentercanada.com's illegal commercial activities, for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

A.     A judgment that the '784 patent has been infringed by medcentercanada.com;

B.     A judgment pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining medcentercanada.com and its officers, agents, servants, employees and affiliates, and all others in active concert or participation with any of the foregoing, from further infringement of the '784 patent;

C.     A judgment finding that medcentercanada.com's patent infringement has been willful and deliberate and that this is an exceptional case, pursuant to 35 U.S.C. § 284 and § 285;

D.     A judgment awarding Plaintiffs damages caused by the infringing activities and awarding increased damages and prejudgment interest;

E.     A judgment awarding Plaintiffs their attorneys' fees, costs and expenses in this action;

F.     A judgment that medcentercanada.com has infringed and diluted Merck's trademark rights in the ZOCOR® trademark, and has engaged in unlawful, unfair competition under the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as amended, and under the common law, and that such actions have been willful and intentional;

G.     A judgment that medcentercanada.com, its officers, directors, agents, servants, employees, representatives, successors and assigns, and all those in active concert or

- 14 -

participation with any of the foregoing who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from:

    a.    Using the ZOCOR® trademark, or any other mark or term confusingly similar to the ZOCOR® trademark, in connection with the marketing, sale, offering for sale, advertisement, or promotion of the products identified as "ZOCOR generic";

    b.    Using the ZOCOR® trademark or any other mark or term confusingly similar to the ZOCOR® trademark as a keyword for purposes of directing Internet traffic to medcentercanada.com's website; and

    c.    Committing any act intended or likely to cause the public to believe that Defendants or any generic simvastatin product that Defendants sell is legally approved for sale in the United States by the FDA, or is in any manner connected, affiliated, sponsored, approved, or associated with Merck, from otherwise competing unfairly with Plaintiffs; and from making any false or misleading descriptions or representations of fact about their or Merck's products.

H.    That medcentercanada.com be directed to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction, a report in writing, under oath, setting forth in detail the manner in which medcentercanada.com has complied with the injunction.

I.    That medcentercanada.com be directed to account for and pay over to Merck all gains, profits and advantages derived from medcentercanada.com's wrongful acts pursuant to 15 U.S.C. § 1117(a).

J.     That Merck be awarded compensatory damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

K.     That Merck be awarded treble damages pursuant to 15 U.S.C. § 1117.

L.     That Merck be awarded costs, disbursements and attorney's fees pursuant to 15 U.S.C. § 1117.

M.     A judgment that medcentercanada.com has engaged in trademark infringement and unfair competition under New York General Business Laws §§ 360-1, 360-o and under New York common law.

N.     A judgment that medcentercanada.com has caused injury to Merck's business reputation and dilution of the distinctive quality of Merck's trademarks in violation of § 360-1 of the New York General Business Law.

O.     A judgment that medcentercanada.com has engaged in unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-50.

P.     An order pursuant to Fed. R. Civ. Pro. 64 in favor of Plaintiffs attaching any assets of medcentercanada.com within the jurisdiction of this Court.

Q.    That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

FITZPATRICK, CELLA, HARPER & SCINTO

By: _____
        Robert L. Baechtold (RB6866)
        Nina Shreve (NS4731)
        Peter Shapiro (PS8180)

        30 Rockefeller Plaza
        New York, New York 10112-3801
        (212) 218-2100

        Attorneys for Plaintiffs
        Merck & Co., Inc. and
        MSD Technology, L.P.

Dated: New York, New York
        April 11, 2005